TODD KIM
Assistant Attorney General
STEVEN O'ROURKE, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Washington, D.C. 20044
Telephone: 202-514-2779;
E-mail: steve.o'rourke@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VIGOR INDUSTRIAL, LLC,
PUGET SOUND COMMERCE CENTER INCORPORATED,
VIGOR MARINE, LLC, and
AMAYA CURIEL CORPORATION,

Defendants.

Case No.: 3:22-cv-06101

COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and acting at the request of the National Oceanic and Atmospheric Administration

("NOAA") of the United States Department of Commerce, through the undersigned attorneys, files this complaint and alleges as follows:

**NATURE OF ACTION**

1. This is a civil action brought against Vigor Industrial, LLC (and two related corporations) and Amaya Curiel Corporation ("Amaya Curiel") (collectively, "Defendants") for recovery of damages pursuant to the National Marine Sanctuaries Act, 16 U.S.C. § 1443, arising from the sinking ("Sinking") of the YFD-70 Drydock ("Drydock") on October 25-26, 2016 inside the Monterey Bay National Marine Sanctuary ("MBNMS"), approximately 40 miles southwest of San Francisco, 35 miles off the coast of San Mateo County, in 900 meters of water depth.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 16 U.S.C. § 1443(c) and also pursuant to 28 U.S.C. §§ 1331, 1345. The Court also has personal jurisdiction over the Defendants. Venue is proper in this U.S. District Court pursuant to 28 U.S.C. § 1391(b) and 16 U.S.C. § 1443(c).

**DEFENDANTS**

3. Vigor Defendants: Puget Sound Commerce Center Incorporated is a subsidiary of Vigor Industrial, LLC, which is a corporation and is a subsidiary of Vigor Marine, LLC. Collectively herein, these entities are called "Vigor."

4. Amaya Curiel is a corporation.

**STATUTORY BACKGROUND**

5. The purposes of the National Marine Sanctuaries Act, 16 U.S.C. § 1431 *et seq.*, include the comprehensive conservation and management of marine sanctuaries and the

maintenance, protection, restoration, and enhancement of marine biological communities. 16 U.S.C. § 1431(b).

6. Under Section 312(a) of the National Marine Sanctuaries Act, "[a]ny person who destroys, causes the loss of, or injures any sanctuary resource" is liable to the United States for "damages resulting from the destruction, loss, or injury" plus interest. 16 U.S.C. § 1443(a)(1).

7. Section 312(b)(2) of the National Marine Sanctuary Act directs the Secretary of Commerce to assess damages to sanctuary resources pursuant to the definition of "damages" in the statute. 16 U.S.C. § 1443(b)(2). "Damages" is defined to include:

> (A) compensation for—
>
> > (i)(I) the cost of replacing, restoring, or acquiring the equivalent of a sanctuary resource; and
> >
> > (II) the value of the lost use of a sanctuary resource pending its restoration or replacement or the acquisition of an equivalent sanctuary resource; or
> >
> > (ii) the value of a sanctuary resource if the sanctuary resource cannot be restored or replaced or if the equivalent of such resource cannot be acquired;
>
> (B) the cost of damage assessments under section 1443(b)(2);
>
> (C) the reasonable cost of monitoring appropriate to the injured, restored or replaced resources;
>
> (D) the cost of curation and conservation of archeological, historical, and cultural sanctuary resources; and
>
> (E) the cost of enforcement actions undertaken by the Secretary in response to the destruction or loss of, or injury to, a sanctuary resource.

16 U.S.C. § 1432(6).

8. A "sanctuary resource" is "any living or nonliving resource of a national marine sanctuary that contributes to the conservation, recreational, ecological, historical, educational,

cultural, archeological, scientific, or aesthetic value of the sanctuary." 16 U.S.C. § 1432(8).

9. The Attorney General, at the request of the Secretary, is authorized to commence a civil action to recover any damages. 16 U.S.C. § 1443(c).

10. Section 303 of the National Marine Sanctuaries Act, 16 U.S.C. § 1433, authorizes the Secretary of Commerce (since delegated to NOAA) to designate national marine sanctuaries and to promulgate regulations implementing the designation. 16 U.S.C. § 1433(a). NOAA designated MBNMS as a sanctuary in 1992, for the purposes of protecting and managing the conservation, ecological, recreational, research, educational, historical, and esthetic resources and qualities of the area. The MBNMS is home to numerous mammals, seabirds, fishes, invertebrates, sea turtles and plants in a remarkably productive coastal environment. 15 C.F.R. § 922.161; 73 Fed. Reg. 70535 (November 20, 2008).

## FACTUAL ALLEGATIONS

11. Prior to April of 2016, Vigor owned the Drydock, a three-section steel structure constructed in 1945. With both end sections attached, the total length of the vessel was 528 feet.

12. In 2016, Vigor sold the vessel to Amaya Curiel. As part of the sale, Vigor arranged for the vessel to be transported to Amaya Curiel's shipyard in Mexico.

13. Vigor hired Western Towboat Company (not a defendant in this case) to tow the Drydock from Seattle, Washington to Mexico.

14. Between October 25 and 26, 2016, during the tow, the Drydock took on water, sank, and came to rest on the sea floor inside the boundaries of the MBNMS (the "Sinking"). The Drydock remains on the sea floor inside the MBNMS, about 40 miles southwest of San Francisco, in water depth of about 900 meters.

15. The Sinking caused adverse impacts to the seafloor, including injury and

destruction to coral, other biota, and soft benthic habitat.

16. After the Sinking, Vigor and Amaya Curiel procured a cruise equipped with a remotely operated vehicle. NOAA participated in this cruise effort in order to survey the site of the Sinking, characterize the condition of the habitat, and collect data regarding impacts to sanctuary resources. NOAA has developed preliminary estimates of the costs of restoring or replacing the injured sanctuary resources but has not completed an official damage assessment under16 U.S.C. § 1432(6). NOAA has also incurred costs in assessing the injuries to sanctuary resources relating to the Sinking.

**CLAIM FOR RELIEF**
**Damages for Destruction, Loss, and Injury to Marine Sanctuary Resources**

17. Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. On approximately October 25 and 26, 2016, Defendants destroyed, caused the loss of, and injured sanctuary resources by sinking the Drydock in the MBNMS, and the Drydock continues to sit on the seabed.

19. Corals and the seabed inside the MBNMS are "sanctuary resources."

20. Each Defendant is a "person" who destroyed, caused the loss of, or injured sanctuary resources, by arranging for the Drydock to be shipped through the MBNMS.

21. The Defendants are jointly and severally liable for the "damages resulting from the destruction, loss, or injury" to the sanctuary resource under 16 U.S.C. § 1443(a)(1).

22. Pursuant to its authority under 16 U.S.C. § 1443(b)(2), the Secretary made a preliminary estimate of costs of restoring or replacing the injured sanctuary resources. Defendants are liable for the destroyed or injured sanctuary resources in accordance with 16 U.S.C. § 1432(6). The total damages under 16 U.S.C. § 1432(6), which includes restoration

activities, monitoring, oversight, and assessment costs, exceeds $9.1 million.

**PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully prays that this Court:

1. Enter a judgment against Defendants, jointly and severally, for all damages, including interest and assessment costs resulting from the Sinking;
2. award the United States its costs and fees incurred in this action; and
3. grant the United States such other relief as this Court may deem appropriate.

Respectfully submitted,

TODD KIM
Assistant Attorney General

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
Steve.orourke@usdoj.gov
202-514-2779

OF COUNSEL:
Ericka Hailstocke-Johnson
Attorney-Advisor
Office of General Counsel
Natural Resources Section
National Oceanic & Atmospheric Administration
501 W. Ocean Boulevard, Long Beach, CA 90802
Telephone: (562) 980-4070
E-mail: Ericka.Hailstocke-Johnson@noaa.gov