# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CIVIL NO. 3:22-cv-06101 |
| VIGOR INDUSTRIAL, LLC, et al., | |
| Settling Defendants. | **CONSENT DECREE** |

TABLE OF CONTENTS

I.    BACKGROUND ............................................................................................................. 3

II.   JURISDICTION AND VENUE ................................................................................... 4

III.  PARTIES BOUND ........................................................................................................ 5

IV.   DEFINITIONS .............................................................................................................. 5

V.    PAYMENTS BY SETTLING DEFENDANTS ........................................................... 7

VI.   COVENANT NOT TO SUE BY PLAINTIFF ............................................................ 9

VII.  RESERVATION OF RIGHTS BY PLAINTIFF ........................................................ 9

VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS ................................ 10

IX.   NOTICE ....................................................................................................................... 11

X.    MODIFICATION ....................................................................................................... 12

XI.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................ 12

XII.  EFFECTIVE DATE AND RETENTION OF JURISDICTION .............................. 13

XIII. SIGNATORIES/SERVICE ........................................................................................ 13

XIV.  FINAL JUDGMENT .................................................................................................. 14

# BACKGROUND

A. Contemporaneously with the lodging of this Consent Decree, the United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") of the United States Department of Commerce, has filed a Complaint in this matter against Vigor Industrial, LLC, and Amaya Curiel Corporation ("Settling Defendants") pursuant to Section 312 of the National Marine Sanctuaries Act, 16 U.S.C. § 1443.

B. The United States' Complaint alleges that Settling Defendants are liable for Damages resulting from destruction, loss, or injury to Sanctuary Resources due to the sinking of the YFD-70 Drydock ("YFD-70") on October 25-26, 2016. The YFD-70 sank inside the Monterey Bay National Marine Sanctuary ("MBNMS") while under tow by tug vessel (T/V) Ocean Ranger, owned and operated by Western Towboat Company. The YFD-70 had been sold by Vigor to Amaya Curiel Corporation ("Amaya") and at the time of the sinking, was being towed from Seattle, WA to Ensenada, Mexico as part of an agreement with Puget Sound Commerce Center Incorporated, a Vigor subsidiary.

C. NOAA is the delegated Trustee for Sanctuary Resources under the National Marine Sanctuary Act.

D  In July 2018, Vigor, on behalf of itself and Amaya, in cooperation with and at the request of NOAA, chartered a vessel with submarine remotely-operated vehicle ("ROV") capabilities to locate the wreckage of the YFD-70, which was located submerged on the seafloor within the MBNMS boundaries. The ROV was used to conduct visual transects (with corresponding video) to characterize the condition of the wreckage, the interface between the YFD-70 and seafloor, and the surrounding habitat, to assist NOAA and allow NOAA to perform a restoration assessment. NOAA used the data from this cruise to assess injury, loss, or

3

destruction to Sanctuary Resources, including seafloor habitat and organisms that may have been either displaced or crushed and killed by the sinking and landing of the YFD-70 on the seafloor within MBNMS.

      E.    Based on this existing data and considering the availability of funding for restoration provided through this settlement, NOAA believes that Settling Defendants' obligations under this Consent Decree constitute a reasonable compromise for the disposition of claims of the United States against the Settling Defendants in this matter.

      F.    By entry of this Consent Decree, Settling Defendants do not admit any liability to the Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

      G.    The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties at arms' length and in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; and (iii) is fair, reasonable, and in the public interest consistent with the statutory purposes of the National Marine Sanctuaries Act.

      NOW, THEREFORE, with the consent of the Parties to the Decree, it is hereby Ordered, Adjudged, and Decreed:

## JURISDICTION AND VENUE

      1.    This Court has jurisdiction over the subject matter of this action pursuant to 16 U.S.C. § 1443(c) and also pursuant to 28 U.S.C. §§ 1331, 1345. The Court also has personal jurisdiction over the Settling Defendants. Venue is proper in the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and 16 U.S.C. § 1443(c) because the Incident occurred in this judicial district. Solely for the purposes of this Consent Decree and

the underlying Complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of this Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. This Consent Decree and any disputes arising under or related to this settlement or Consent Decree will be governed by and construed under the federal law of the United States and the law of the State of California, to the extent applicable.

## PARTIES BOUND

2.      This Consent Decree is binding upon and inures to the benefit of the United States and upon the Settling Defendants and their successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter responsibilities of Settling Defendants under this Consent Decree.

## DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in NMSA, 16 U.S.C. § 1432, or in regulations promulgated under NMSA shall have the meanings assigned to them in NMSA or in such regulations. Whenever the terms set forth below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"Complaint" means the Complaint filed by the United States in this action.

"Consent Decree" or "Decree" means this Consent Decree and all appendices attached hereto. All appendices are incorporated herein by reference.

"Damages" means that definition as provided in 16 U.S.C. § 1432(6).

"Day" means a calendar day unless expressly stated to be a Working Day.

"Effective Date" means the effective date of this Consent Decree as provided in Section XII of this Consent Decree.

"MBNMS" means the Monterey Bay National Marine Sanctuary, with boundaries defined by regulation at 15 C.F.R. § 922.130.

"Incident" means the sinking of the YFD-70 into the MBNMS.

"Interest" means interest calculated in the manner specified under Section 2705 of title 33.

"NMSA" means the National Marine Sanctuaries Act, 16 U.S.C. § 1431, *et seq*.

"NOAA" means the National Oceanic and Atmospheric Administration of the United States Department of Commerce.

"Paragraph" means a portion of this Decree identified by an Arabic numeral or an upper-case letter.

"Parties" means the United States and Settling Defendants, and "Party" means any one of the named "Parties."

"Plaintiff" means the United States.

"Sanctuary Resource" shall have the meaning provided in 16 U.S.C. § 1432(8).

"Section" means a portion of this Decree identified by a Roman numeral.

"Settling Defendants" means Vigor and Amaya Curiel Corporation.

"Subparagraph" means a portion of this Consent Decree identified by a lower case letter or an Arabic number in parenthesis.

6

"Subsection" means a portion of this Consent Decree identified by a Roman numeral and an upper-case letter.

"United States" means the United States of America including all of its departments, agencies, and instrumentalities.

"Vigor" means Vigor Industrial, LLC, Vigor Marine, LLC, and Puget Sound Commerce Center, LLC.

"Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next Working Day.

## PAYMENTS BY SETTLING DEFENDANTS

4. Within 60 days after the Effective Date, the Settling Defendants shall pay a total of $9,135,134.80 to the Plaintiff for Damages, together with Interest accrued from the date this Consent Decree is lodged with the Court under Section XI.

5. Payment Instructions. Payment shall be made by FedWire EFT to the U.S. Department of Justice in accordance with current EFT procedures, referencing DOJ Case Number "90-5-1-1-12343", and the Office of National Marine Sanctuaries case name, "ONMS: YFD-70". Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Florida following lodging of this Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

7

6. Notice of Payment. Upon making any payment under this Section, Settling Defendants shall send written notice that payment has been made to the United States and NOAA in accordance with Section IX ("Notice").

7. Non-compliance with Payment Obligations.

   a. <u>Interest.</u> In the event any payment required in Paragraph 4 is not made when due, Settling Defendants shall pay Interest on the unpaid balance commencing on the payment due date and accruing through the date of full payment. Payment of Interest under this Paragraph shall be in addition to such other remedies or sanctions available to the United States by virtue of Settling Defendants' failure to make timely payments under this Section, including, but not limited to, payment of stipulated penalties.

   b. <u>Stipulated Penalties</u>. In addition to the Interest required to be paid under the preceding Subparagraph, if any payment required by Paragraph 4 is not made when due, Settling Defendants shall also pay stipulated penalties of $5,000 per day from the date payment is due through the date of full payment.

   c. <u>Payment of Interest and Stipulated Penalties.</u> Any Interest payments under Subparagraph 7.a shall be paid in the same manner as the overdue principal amount, and shall be directed to the same fund or account as the overdue principal amount. Any Stipulated Penalty payments under Subparagraph 7.b shall be paid to the United States in accordance with payment instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Florida and shall be deposited in the United States Treasury.

8. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanction available

by virtue of a violation of this Consent Decree by Settling Defendants. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties owed pursuant to this Consent Decree.

## COVENANT NOT TO SUE BY PLAINTIFF

9. Except as specifically provided by Paragraph 10 (General Reservations) and Paragraph 11 (Special Reservations Regarding Damages), the United States covenants not to sue Settling Defendants (including their respective parents, affiliates, and subsidiaries) for Damages resulting from the Incident, pursuant to the NMSA. This covenant not to sue shall take effect upon the complete payment of all funds as required by Section V of this Consent Decree. This Covenant Not to Sue is conditioned upon the satisfactory performance by Settling Defendants of all their obligations under this Consent Decree. This Covenant Not to Sue extends only to Settling Defendants (including their respective parents, affiliates, and subsidiaries, and does not extend to any other person.

## RESERVATION OF RIGHTS BY PLAINTIFF

10. <u>General Reservations</u>. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendants with respect to all matters not expressly included within Section VI (Covenant Not to Sue by Plaintiff). Notwithstanding any other provisions of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

    a. liability for failure by Settling Defendants to meet a requirement of this Consent Decree;

9

  b. liability for any other costs incurred or to be incurred by the Plaintiff that are not within the definition of Damages to the extent unrelated to the Incident;

  c. liability for any injury to, destruction of, loss of, or loss of use of Sanctuary Resources resulting from any event or releases or threatened releases of hazardous substances or oil unrelated to the Incident; and

  d. criminal liability.

  11. <u>Special Reservations Regarding Damages</u>. Notwithstanding any other provision of this Consent Decree, the United States reserves the right to institute proceedings against the Settling Defendants in this action or in a new action for recovery of Damages, including reasonable response and/or assessment costs, based on: (i) conditions or information with respect to the Incident unknown to the Plaintiff as of the date of lodging that contribute to the injury, destruction, or loss of Sanctuary Resources; or (ii) information received after the date of lodging which indicate that the Incident has resulted in injury, destruction, or loss of Sanctuary Resources of a type unknown, or of a magnitude or duration greater than was known, by the Plaintiff. For purposes of this Paragraph, conditions or information known to the Plaintiff shall consist of any information that was in the files of, or otherwise in the possession of, any employee, contractor, or consultant of NOAA who worked on the natural resource damages assessment for the Incident as of the date of lodging this Consent Decree.

## COVENANT NOT TO SUE BY SETTLING DEFENDANTS

  12. Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Damages resulting from the Incident, and this Consent Decree, pursuant to any federal, state, or

common law, including but not limited to any claims against Plaintiff for costs, attorneys' fees, other fees, or expenses incurred in connection with this Incident.

14. In any subsequent administrative or judicial proceeding initiated by the Plaintiff for injunctive relief, recovery of Damages, or other relief relating to the Incident, Settling Defendants shall not assert, and may not maintain, any defense or claim based on the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or any other defenses based upon the contention that the claims raised by the Plaintiff in the subsequent proceeding should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenant not to sue set forth in Section VI (Covenant Not to Sue by Plaintiff).

14. Settling Defendants covenant not to sue Western Towboat Company ("Western") to recover, in contribution or otherwise, any payments Settling Defendants make to the United States under this Consent Decree. However, if Western sues any Settling defendant to recover Damages under the NMSA paid by Western for the Incident, the preceding sentence does not apply to such Settling Defendant.

### NOTICE

15. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be made electronically or by mailing, unless otherwise requested. If sent electronically, the subject line must state: LEGAL NOTICE TO [Settling Defendants or United States]. It shall be directed to the individuals at the addresses set forth below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon

receipt unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Plaintiff and Settling Defendants, respectively.

<u>As to the United States:</u>
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-5-1-1-12343

As to NOAA:
NOAA Office of Response and Restoration
ATTN: Vernee Holley, DARRF Manager
1305 East-West Highway
Silver Spring, MD 20910


Ericka Hailstocke-Johnson
NOAA Office of General Counsel
Natural Resources Section
501 W. Ocean Boulevard
Long Beach, CA 90802
Ericka.Hailstocke-Johnson@noaa.gov


As to Settling Defendants:
David R. Boyajian
Schwabe Williamson & Wyatt
As counsel for Vigor Industrial, LLC
1211 SW Fifth Ave., Suite 1900
Portland OR, 97204
dboyajian@schwabe.com


Noah Jarrett
Schwabe Williamson & Wyatt
As counsel for Vigor Industrial, LLC
1211 SW Fifth Ave., Suite 1900
Portland OR, 97204
njarrett@schwabe.com


Bill Collier
As counsel for Amaya Curiel Corporation
Collier Walsh Nakazawa LLP
One World Trade Center, Suite 2370
Long Beach, CA 90831
Telephone: (562) 317-3300
Email: bill.collier@cwn-law.com

## MODIFICATION

16. Any material modification of this Consent Decree shall be made in writing, signed by the Parties, and shall be effective upon approval by the Court. Any non-material modification of this Consent Decree shall be in writing, signed by the Parties, and shall be effective when filed with the Court.

17. The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Parties.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

18. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold their consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

19. The Settling Defendants waive all objection to, and consent to, the entry of this Consent Decree without further notice, and agree not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

20. If for any reason the Court declines to approve this Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this Decree may be voided at the sole discretion of any Party, and the terms of the agreement not be used as evidence in any litigation between the Parties. If approval or entry is vacated after payment has been made by Settling Defendants under this Consent Decree, any such payment will be returned to Settling Defendants within 60 days.

# EFFECTIVE DATE AND RETENTION OF JURISDICTION

21. This Consent Decree will be effective upon the approval and entry of the Decree by the Court.

22. This Court shall retain jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of this Consent Decree for the purpose of modifying or enforcing the terms and conditions of this Consent Decree, and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree.

# SIGNATORIES/SERVICE

23. Each undersigned representative of the Settling Defendants and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document. This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

24. The Settling Defendants shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service by mail on behalf of that Party with respect to the service of the Complaint, Consent Decree, and any related filings with the Court. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The Parties agree that Settling Defendants do not need to file an answer to the Complaint in this

15

action unless or until: (i) the United States has notified the Settling Defendants in writing that it no longer supports entry of this Consent Decree; or (ii) the Court expressly declines to enter this Consent Decree.

## **FINAL JUDGMENT**

25. This Consent Decree and its appendices constitute the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

26. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and the Settling Defendants under Fed. R. Civ. P. 54 and 58.

The consent decree is approved, and the case is administratively closed.

**SO ORDERED** THIS __24th__ DAY OF __January__ 2023.

Hon. James Donato
UNITED STATES DISTRICT JUDGE

16

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Vigor Industrial, LLC & Amaya Curiel Corporation:

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

_____  10/12/2022
Steven O'Rourke
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611 Washington, D.C. 20044-7611
Telephone: (202) 514-2779
E-mail: steve.o'rourke@usdoj.gov

_____
Chauncey Kelly
Section Chief
Office of General Counsel
Natural Resources Section
National Oceanic & Atmospheric Administration
United States Department of Commerce
1315 East-West Highway, SSMC3, Suite 15107
Silver Spring, MD 20910

OF COUNSEL:
Ericka Hailstocke-Johnson
Attorney-Advisor
Office of General Counsel
Natural Resources Section
National Oceanic & Atmospheric Administration
501 W. Ocean Boulevard, Long Beach, CA 90802
Telephone: (562) 980-4070
E-mail: Ericka.Hailstocke-Johnson@noaa.gov

17

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Vigor Industrial, LLC & Amaya Curiel Corporation:</u>

**FOR VIGOR INDUSTRIAL, LLC:**

Sept 13, 2022
Date

_____
Dawn Cartwright
Vigor Industrial, LLC
Vice President, HR Services and Risk Management
5555 N. Channel Ave
Portland, OR 97217
(503) 360-3138
E-mail: dawn.cartwright@vigor.net


Agents Authorized to Accept Service on Behalf of the Above-Signed Party:

David R. Boyajian
Schwabe Williamson & Wyatt
As counsel for Vigor Industrial, LLC
1211 SW Fifth Ave., Suite 1900
Portland OR, 97204
Telephone: (503) 222-9981
E-mail: dboyajian@schwabe.com


Noah Jarrett
Schwabe Williamson & Wyatt
As counsel for Vigor Industrial, LLC
1211 SW Fifth Ave., Suite 1900
Portland OR, 97204
Telephone: (503) 222-9981
E-mail: njarrett@schwabe.com

18

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Vigor Industrial, LLC & Amaya Curiel Corporation:</u>

**FOR AMAYA CURIEL CORPORATION:**

September 9, 2022
Date

Bill Collier
As counsel for Amaya Curiel Corporation
Collier Walsh Nakazawa LLP
One World Trade Center, Suite 2370
Long Beach, CA 90831
Telephone: (562) 317-3300
Email: bill.collier@cwn-law.com

Agent Authorized to Accept Service on Behalf of the Above-Signed Party:

Bill Collier
As counsel for Amaya Curiel Corporation
Collier Walsh Nakazawa LLP
One World Trade Center, Suite 2370
Long Beach, CA 90831
Telephone: (562) 317-3300
Email: bill.collier@cwn-law.com